Edwin F. McPherson – State Bar No. 106084
  emcpherson@mcpherson-llp.com
Pierre B. Pine – State Bar No. 211299
  ppine@mcpherson-llp.com
**McPHERSON LLP**
1900 Avenue of the Stars
25th Floor
Los Angeles, CA  90067
Tel:(310)553-8833
Fax:(310)553-9233

Brian D. Caplan (Pro Hac Vice Application to be Submitted)
  Bcaplan@reitlerlaw.com
Edward P. Grosz (Pro Hac Vice Application to be Submitted)
  egrosz@reitlerlaw.com
**REITLER KAILAS & ROSENBLATT LLC**
885 Third Avenue, 20th Floor
New York, New York 10022
Tel: (212) 209-3050

Attorneys for Plaintiff ANDREA WASSE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA WASSE,<br><br>                Plaintiff,<br><br>        v.<br><br>JASON SMITH,<br><br>                Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **DECLARATORY RELIEF –<br>COPYRIGHT CO-OWNERSHIP**<br>2. **ACCOUNTING**<br>3. **BREACH OF CONTRACT**<br>4. **BREACH OF FIDUCIARY<br>DUTY**<br>5. **DECLARATORY RELIEF**<br>6. **BREACH OF FIDUCIARY<br>DUTY**<br>7. **DECLARATORY RELIEF –<br>TRADEMARK CO-<br>OWNERSHIP**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT**

Plaintiff Andrea Wasse (hereinafter "Wasse" or "Plaintiff"), hereby complains and alleges as follows against Defendant Jason Smith (hereinafter "Smith" or "Defendant"):

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction over this matter in that this is a civil action in which Plaintiff seeks, among other things, declaratory relief arising under the Copyright Act of the United States, 17 U.S.C. § 101, et seq., and 28 U.S.C. §§ 1331 and 1338.

2.      The Court has supplemental jurisdiction under 28 U.S.C. § 1367 in that Plaintiff asserts claims that are so related to claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

3.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because the Plaintiff is a citizen of a foreign state who is lawfully admitted for permanent residence in the United States, Defendant is a citizen of a State of the United States, Plaintiff and Defendant are not domiciled in the same State, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.      This Court has personal jurisdiction over Defendant Smith because the claims in this lawsuit arise out of agreements entered into in the Central District of California.

5.      The venue of this action is properly laid in the Central District of California pursuant to § 1391(b) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District and at the time of the commencement of this action, Defendant is subject to personal jurisdiction in this District.

///

2

**COMPLAINT**

## THE PARTIES

6.   Plaintiff Wasse is a Canadian citizen domiciled in Los Angeles, California.

7.   Defendant Smith is a citizen of the State of Texas domiciled in Austin, Texas.

## BACKGROUND

8.   Plaintiff Wasse is a professional singer and songwriter.

9.   Defendant Smith is a professional songwriter, composer, instrumentalist and music producer.

10.   Beginning in 2008, Wasse and Smith began collaborating as song co-writers.

11.   In 2010 Wasse and Smith formed a Los Angeles based band known as "Digital Daggers."

12.   The band has had considerable success, with its songs having been licensed for numerous movies, TV shows, video games and commercials including The Vampire Diaries, Nikita and Pretty Little Liars.

13.   Between 2010 and 2013, Wasse and Smith carried on their business activities in the form of a California partnership, sharing all costs and splitting all band revenue 50/50 between them.

14.   At all relevant times, Smith unilaterally controlled the partnership's account at TuneCore, an independent digital music distribution, publishing and licensing service.

15.   From 2010 to 2019, Wasse and Smith self-released the following recordings (the "Self-Released Recordings") embodying each of their respective performances:

(a)   "Surrender" (single) - October 14th, 2010

(b)   "Head Over Heels" (cover) – 2010

3

(c)     "Human Emotion" EP – 2010

(d)     "Human Emotion"

(e)     "No Easy Way"

(f)     "Surrender"

(g)     "Envy"

(h)     "New York, New York" (cover) – 2011

(i)     "Where the Lonely Ones Roam" single – 2011

(j)     "Have Yourself A Merry Little Christmas/Little Drummer Boy" – 2012

(k)     **The Devil Within LP – 2012**

    i.      "The Devil Within"

    ii.     "State Of Seduction"

    iii.    "Can't Sleep, Can't Breathe"

    iv.     "Still Here"

    v.      "Where the Lonely Ones Roam"

    vi.     "Bad Intentions"

    vii.    "Fear The Fever"

    viii.   "Come Crashing"

    ix.     "Set You Straight"

    x.      "Feel Like Falling"

(l)     **Reimaginations, Vol. 1 – EP 2014**

    i.      "Aquarius"

    ii.     "Dust In The Wind"

    iii.    "I Put A Spell On You"

    iv.     "The Passenger"

(m)     **Christmas Tunes**

    i.      "Silver Bells" (single) – 2014

    ii.     "Silent Night" (single) – 2015

4

**COMPLAINT**

iii.   "In Flames" (single) – 2018

iv.   "Paper Bag Princess" – 2018

v.   "Black Magic" – 2019

vi.   "Save Us From Ourselves" - 2019

16.    Smith has wrongfully deprived Wasse of access to the TuneCore account or any information relating to income of the partnership, and has wrongfully failed to account to Wasse for the revenue derived from the commercial exploitation of the Self-Released Recordings.

17.    On or about May 31, 2013, Wasse and Smith, on the one hand, entered into a joint venture agreement (the "JV Agreement") with El Camino Media ("El Camino"), an independent full-service label based in Los Angeles.

18.    Pursuant to the JV Agreement, Wasse and Smith licensed certain master recordings (the "El Camino Masters") for a period of nine years.

19.    Pursuant to the JV Agreement, El Camino released the following El Camino Masters created by Wasse and Smith as Digital Daggers:

(a)   **Close Your Eyes LP** – 2013

    i.   "The Devil Within"

    ii.   "Can't Sleep, Can't Breathe"

    iii.   "Out Of My Head"

    iv.   "Razors Edge"

    v.   "Still Here"

    vi.   "Where The Lonely Ones Roam"

    vii.   "Bad Intentions"

    viii.   "Come Crashing"

    ix.   "Feel Like Falling"

    x.   "Close Your Eyes"

    xi.   "Bad Intentions (Remix)" [feat. Easy Girl]

(b)   **Lost Tracks and Remixes** – 2013

5

COMPLAINT

  i.  "Out Of My Head" (remix)

  ii.  "The Razer's Edge" (piano version)

  iii.  "Still Here" (acoustic version)

  iv.  "Where The Lonely Ones Roam" (piano version)

  v.  "Spark"

  vi.  "Out Of The Fire"

  vii.  "State Of Seduction"

  viii.  "Fear the Fever"

  ix.  "Set You Straight"

 (c) **Mixed Emotions LP – 2014**

  i.  "Back To There Start"

  ii.  "Nothing's Broken"

  iii.  "Heaven Or Hell"

  iv.  "Just Beneath The Flames"

  v.  "I Am Near"

  vi.  "Angel"

  vii.  "Purgatory"

  viii.  "Let's Escape"

  ix.  "Do Me Damage"

  x.  "Bleed For Me"

20. From May 31, 2013 to the present, El Camino has accounted to Wasse and Smith on a 50/50 basis for all royalties due under the JV Agreement for the commercial exploitation of the El Camino Masters.

21. Smith currently claims that, in addition to his share of royalties, he is entitled to additional fees for producer services in connection with the Digital Daggers recordings dating back to 2011.

///

///

6

COMPLAINT

22. In fact, at no time was Smith entitled to, nor did he receive, any additional payment for producer services at any time, nor is he entitled to any such payments today or in the future.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief – Copyright Co-Ownership)

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, above, as if fully set forth herein.

24. As a matter of copyright law, Plaintiff and Defendant are co-authors and co-owners of all master recordings created by them under the name "Digital Daggers."

25. As a matter of copyright law, Plaintiff and Defendant are each entitled to 50% of all revenues generated by the marketing of such master recordings.

26. Defendant has claimed that he is entitled to more than 50% of the revenues generated by the commercial exploitation of the master recordings jointly created by the parties.

27. Plaintiff is entitled to a declaration that she and Defendant are each 50% owners of all master recordings jointly created by them and are each entitled to 50% of all revenues generated by the commercial exploitation of the master recordings jointly created by them.

28. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (For An Accounting)

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, and 24 through 27, inclusive, above, as if fully set forth herein.

///

7

30. A fiduciary or other trust relationship exists between Wasse and Smith for which an accounting of books and records is appropriate to the extent necessary to trace the monies wrongfully collected by Smith that are due and owed to Wasse as described above.

31. Because Defendant has engaged in self-dealing and withholding of financial information concerning the partnership between Defendant and Plaintiff, Plaintiff does not know, and cannot ascertain without an accounting by the Defendant, what monies have actually been received by the partnership, and what monies have been paid and/or disbursed to Smith on behalf of the partnership.

32. In the absence of an accounting, Wasse cannot know the precise amount of monies misappropriated by Defendant from the exploitation of the parties' music productions.

33. Wasse has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (For Breach of Contract)

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, above, as if fully set forth herein.

35. Defendant Smith agreed to pay Plaintiff Wasse 50% of all Digital Daggers revenue that he collected on behalf of the band.

36. Smith breached his contractual obligations to Wasse by collecting revenues on behalf of Digital Daggers and failing to pay Wasse's 50% share to her, as required by the agreement between the parties.

37. As a result of the foregoing, Defendant Smith is indebted to Plaintiff Wasse in in an amount that cannot be determined at this time, but that exceeds $75,000, plus interest.

///

///

8

COMPLAINT

## FOURTH CLAIM FOR RELIEF

### (For Breach of Fiduciary Duty)

38.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, above, as if fully set forth herein.

39.    By virtue of the partnership between Wasse and Smith, Smith has owed, and continues to owe, fiduciary duties of the highest good faith and loyalty to Wasse.

40.    Smith violated his fiduciary duties to Wasse by collecting revenues on behalf of the partnership and failing to pay Wasse's share to her, as required by the agreement between the parties.

41.    The conduct of Smith was wanton, willful, malicious and morally culpable, and was done in bad faith and with reckless disregard of Plaintiff's rights. Defendant's actions demonstrate such wanton dishonesty as to imply a criminal indifference to civil obligations.  Thus, they warrant the imposition of punitive damages.

42.    As a direct and proximate result of Defendant's above-described breaches of fiduciary duty, Wasse has been damaged in an amount that cannot be determined at this time, but that exceeds $75,000.00, and is entitled to an award of interest on any damages owed by Defendant.

## FIFTH CLAIM FOR RELIEF

### (For Declaratory Relief)

43.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, above as if fully set forth herein.

44.    Defendant has claimed that he is entitled to fees for producer services in connection with the Digital Daggers recordings dating back to 2011.

45.    Plaintiff is entitled to a declaration that Defendant has no legal right to fees for producer services in connection with the Digital Daggers recordings.

9

COMPLAINT

46.  Plaintiff is further entitled to a declaration that, even if Defendant had a legal right to fees for producer services in connection with Digital Daggers recordings, such claim would be barred in whole or in part by the statute of limitations.

47.  Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (For Breach of Fiduciary Duty)

48.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, above, as if fully set forth herein.

49.  Under the JV Agreement, the license conveyed to El Camino for the first released of the El Camino Masters, Close Your Eyes, lapsed in June of 2022.

50.  At the time the license conveyed to El Camino for Close Your Eyes lapsed, the album was available for streaming on several internet music platforms.

51.  In order to for Close Your Eyes to continue streaming after the lapse of the license, Plaintiff and Defendant were required to take certain actions.

52.  Defendant wrongfully, and in violation of his fiduciary obligations, refused to cooperate in taking the necessary actions to enable Close Your Eyes to continue streaming on internet music platforms after the lapse of the license to El Camino, thereby causing Plaintiff to lose revenue that would have been generated from such streaming.

53.  As a direct and proximate result of Defendant's above-described breaches of fiduciary duty, Wasse has been damaged in an amount that cannot be determined at this time, but that exceeds $75,000, and is entitled to an award of interest on any damages owed by Defendant.

///

///

///

10

**COMPLAINT**

## SEVENTH CLAIM FOR RELIEF

### (For Declaratory Relief – Trademark Co-Ownership)

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, above, as if fully set forth herein.

55. Plaintiff and Defendant are joint owners of the trademark "Digital Daggers."

56. Defendant has claimed a right to continue to use the trademark "Digital Daggers" unilaterally and without Plaintiff's permission.

57. Plaintiff is entitled to a declaration that Plaintiff and Defendant are joint owners of the trademark "Digital Daggers" and that Defendant is not allowed to use that trademark without Plaintiff's permission.

58. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

## AS TO THE FIRST CLAIM FOR RELIEF:

1. A declaration that Plaintiff and Defendant are each 50% owners of all master recordings jointly created by them, and are each entitled to 50% of all revenues generated by the commercial exploitation of the master recordings jointly created by them;

## AS TO THE SECOND CLAIM FOR RELIEF:

2. An accounting of books and records to the extent necessary to trace the monies wrongfully collected by Smith that are due and owed to Wasse as described above;

///

///

///

11

**COMPLAINT**

**AS TO THE THIRD CLAIM FOR RELIEF**:

3.      Compensatory damages in an amount that cannot be determined at this time sufficient to compensate Plaintiff for Defendant's breach of contract, plus interest;

**AS TO THE FOURTH CLAIM FOR RELIEF**:

4.      Compensatory damages in an amount that cannot be determined at this time sufficient to compensate Plaintiff for Defendant's breaches of fiduciary duties, plus interest and punitive damages;

**AS TO THE FIFTH CLAIM FOR RELIEF**:

5.      A declaration that Defendant has no legal right to fees for producer services in connection with the Digital Daggers recordings, and that, even if Defendant had a legal right to fees for producer services in connection with Digital Daggers recordings, such claim would be barred in whole or in part by the statute of limitations;

**AS TO THE SIXTH CLAIM FOR RELIEF**:

6.      Compensatory damages in an amount that cannot be determined at this time sufficient to compensate Plaintiff for Defendant's breaches of fiduciary duties, plus interest and punitive damages;

**AS TO THE SEVENTH CLAIM FOR RELIEF**:

7.      A declaration that Plaintiff and Defendant are joint owners of the trademark "Digital Daggers" and that Defendant is not allowed to use that name without Plaintiff's permission;

///

///

12

**COMPLAINT**

**AS TO ALL CLAIMS FOR RELIEF:**

8.    For costs of suit herein incurred;

9.    For reasonable attorneys' fees; and

10.   For such other and further relief as the Court deems just and proper.

Dated:  August 1, 2022                   Edwin F. McPherson
                                         Pierre B. Pine
                                         **McPHERSON LLP**

                                         Brian D. Caplan (Pro Hac Vice Application to be Submitted)
                                         Edward P. Grosz (Pro Hac Vice Application to be Submitted)
                                         **REITLER KAILAS & ROSENBLATT LLC**

                                         By:_____
                                              EDWIN F. McPHERSON
                                              Attorneys for Plaintiff
                                              ANDREA WASSE

13

## DEMAND FOR JURY TRIAL

Plaintiff ANDREA WASSE hereby demands a trial by jury in this case.

Dated:  August 1, 2022

Edwin F. McPherson
Pierre B. Pine
**McPHERSON LLP**

Brian D. Caplan (Pro Hac Vice Application to be Submitted)
Edward P. Grosz (Pro Hac Vice Application to be Submitted)
**REITLER KAILAS & ROSENBLATT LLC**

By: _____
EDWIN F. McPHERSON
Attorneys for Plaintiff
ANDREA WASSE

14

**COMPLAINT**